DeMOSS, Circuit Judge,
dissenting in part:
Insofar as the majority's opinion reverses the district court's denial of quali *659 fied immunity on the § 1983 claims of false imprisonment or false arrest, I respectfully dissent. On these particular facts, a Texas statute, section 38.15 of the Penal Code, provides both the offense for which Officer Williams arrested Haggerty, Tex. PeN.Code § 38.15(a)(1), and a defense when the interfering conduct is merely speech, id. § 38.15(d).
The majority correctly states that Hag-gerty must, to prevail on these claims, demonstrate that Williams lacked probable cause to arrest him under section 38.15. See Brown, 243 F.3d at 189. On this record and because of the peculiar nature of the explicit mere speech defense found in section 38.15(d), I cannot agree that Officer Williams had probable cause to arrest Haggerty. A reasonable officer in Williams’s position would have been familiar with and trained in the application of section 38.15, which in its original form in 1989 included the “mere speech” defense. Act effective Sept. 1, 1989, 71st Leg., R.S., ch. 1162, § 1, 1989 Tex. Sess. Law Serv. 4780. The law, as to what constituted interference with a police officer and the existence of the speech only defense, was in place and well established at the time of Haggerty’s arrest. Any reasonable police officer would know of and recognize his obligations to abide by the language of the statutory provision, including the obligation to refrain from arresting one whose objections are expressed merely by speech.
In Carney v. State, 31 S.W.3d 392, 397 (Tex.App.—Austin 2000, no pet.), the Texas court of appeals reversed a jury’s conviction under section 38.15. There, although the defendant argued with the officers, delayed their entrance • into his home, and lied to them, the Texas court held that the speech only defense of § 38.15(d) applied and that “a rational trier of fact could not have found, beyond reasonable doubt, the essential element of interference.” • Id. at 398.
'' In resolving that Williams is entitled' to qualified immunity, the majority relies upon factors other than Haggerty’s own conduct (e.g., an out-of-control victim occupying Williams’s attention, a nearby group of students and teachers, some allegedly involved in an attack, and a crowd). This resolution is in tension with the treatment of section 38.15 in Carney, where the Texas court did not look to surrounding factors, but instead limited its review to whether the defendant’s conduct alone included more than speech. Although Carney was decided after the incident leading to this appeal, the opinion suggests that Texas limits its analysis of the applicability of the mere speech defense to the individual’s conduct alone. The only fact offered by Williams in support of the arrest in the criminal information was the allegation that Haggerty grabbed Williams. Because of this limited language, in combination with the evidence adduced by Haggerty, the primary fact question is whether Hag-gerty grabbed or attempted to grab Officer Williams. '
The majority determines that this factual dispute is immaterial to the legal question of qualified immunity in this case. I disagree, based upon the record and my view that Texas’s statute requires consideration of whether the mere speech defense applied.. The question must be resolved in the light most favorable to Haggerty. See Price, 256 F.3d at 369. Therefore, we must assume that Haggerty never touched nor attempted to touch the officer and his only interfering conduct was speech. Based upon this view of the record and Texas’s treatment of the mere speech defense in Carney, I cannot say that any reasonable officer would find probable cause to arrest Haggerty under section 38.15.
*660 For these reasons, I would affirm the district court’s denial of summary judgment on the § 1983 false arrest or false imprisonment claims and permit Haggerty to develop facts further, even if Officer Williams were ultimately entitled to qualified immunity on a more developed showing. In all other aspects of the majority’s opinion, I concur.